**UNITED STATES of America,**
**Appellee,**

v.

**Andre PAGE, Defendant, Appellant.**

No. 06–2006.

United States Court of Appeals,
First Circuit.

Sept. 3, 2008.

Dina Michael Chaitowitz, David G. Tobin, US Attorney's Office, Mark T. Quinlivan, Boston, MA, for Appellee.

Todd Allen Bussert, New Haven, CT, for Appellant.

Before LIPEZ, CYR * and HOWARD, Circuit Judges.

### Order of Court

The March 28, 2008, opinion of the court is modified as follows: On page 7, lines 2 through 6, delete

"Experience-derived police testimony concerning criminals' typical *modi operandi* during a drug transaction does not constitute expert testimony, but lay-witness testimony admissible under Federal Rule of Evidence 701 without any necessity for pretrial disclosure to the defense."

and insert instead

"Experience-derived police testimony concerning criminals' typical *modi operandi* during a drug transaction does not automatically constitute expert testimony, but depending on the content and circumstances can be (and here is) lay-witness testimony admissible under Federal Rule of Evidence 701 without necessity for pretrial disclosure to the

---

* Judge Cyr retired from the Court on March 31, 2008, and did not participate in consider-

defense. *Ayala–Pizarro* does not, contrary to Page's argument, establish a rule that all experienced-based police officer testimony is per se admissible under Rule 701."

At the end of this new text, insert a new footnote (number 2)

"One circuit has apparently misread *Ayala–Pizarro* as doing so. *See United States v. Oriedo,* 498 F.3d 593, 603 n. 10 (7th Cir.2007). To the extent *Oriedo* may be read as suggesting that all experienced-based police testimony must be expert testimony, that is contrary to our view of the law."

The remaining footnotes are to be renumbered accordingly.